AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
JUL 30 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| NADEEM AHMED MULGADO, a/k/a Nadeem Ahmed, a/k/a Salvador Partida, a/k/a Victor Antonio Torres, a/k/a Victor Atonzo Torres, a/k/a Victor Torres, | ) ) ) ) ) | Case No. 3 19 71152 MAG |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 5, 2019__ in the county of __San Mateo__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. section 1326(a) | Illegal Reentry Following Removal |
| 8 U.S.C. section 1326(b)(1) | Maximum 10 years term of Imprisonment; maximum fine of $250,000; maximum term of supervised release of 3 years; mandatory $100 special assessment |

This criminal complaint is based on these facts:

See attached Affidavit of Deportation Officer Christopher Morales in Support of Criminal Complaint.

☑ Continued on the attached sheet.

Approved as to form _____
AUSA _____

_____
*Complainant's signature*

Christopher Morales, ICE Deportation Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 30, 2019

_____
*Judge's signature*

City and state: San Francisco, CA

Hon. Thomas S. Hixson, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF DEPORTATION OFFICER CHRISTOPHER MORALES IN SUPPORT OF CRIMINAL COMPLAINT

I, Christopher Morales, Deportation Officer of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), being duly sworn, hereby declare as follows:

### INTRODUCTION AND PURPOSE OF AFFIDAVIT

1. This affidavit is being submitted in support of a criminal complaint and arrest warrant charging Nadeem AHMED Mulgado (a/k/a Ahmed, Nadeem, a/k/a Partida, Salvador, a/k/a Torres, Victor Antonio a/k/a Torres, Victor Atonzo, Torres, Victor), with unlawfully re-entering the United States after deportation, without the permission of the Attorney General or the Secretary of Homeland Security, in violation of 8 U.S.C. § 1326.

2. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that, on or after, January 17, 2015, within the Northern District of California, Nadeem AHMED Mulgado, an alien, who had previously been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General or the Secretary of the Department of Homeland Security having expressly consented to the defendant's application for admission into the United States, in violation of 8 U.S.C. § 1326. The statements contained in this affidavit are based on information provided to me by law enforcement officers, immigration officers and agents, and immigration records, as well as my training, experience, and knowledge of this investigation.

### AGENT'S BACKGROUND AND EXPERTISE

3. I am a Deportation Officer of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") and have been so employed in this capacity since June 26, 2016. I am currently assigned to the Violent Criminal Alien Section (VCAS) of the San Francisco District Office. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7).

4. As a Deportation Officer, I have conducted law enforcement duties to investigate, identify, locate arrest, detain, prosecute, and remove foreign nationals who pose a threat to national security and public safety. I have conducted complex investigations, executed arrests, prepared cases for removal proceedings, prosecution, and managed detention and removal of foreign nationals ordered removed from the United States by working with foreign, federal, state, and local law enforcement agencies.

1

## APPLICABLE LAW

5. Title 8, United States Code, Section 1326 provides criminal penalties for "any alien who – (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act."

## STATEMENT OF FACTS ESTABLISHING PROBABLE CAUSE

6. AHMED is a thirty-seven (37) year-old male who has used five (5) aliases in the past.

7. AHMED is a native and a citizen of Mexico since birth. He is not a United States citizen.

8. AHMED has been assigned the following identification numbers: Alien Registration number of A075 624 862, FBI number of 554294RB9, California Criminal Information Index number of CA22675420, Nevada Criminal Information Index number of NV04222995, and Fingerprint Identification Number of 17989995.

9. On June 11, 2001, AHMED was convicted in the Superior Court of California, in the County of Stanislaus, for the offense of Theft, in violation of section 484(a) of the California Penal Code. For this crime, AHMED was sentenced to a fine.

10. On November 22, 2005, AHMED was convicted in the United States District Court, Southern District of Texas, Brownsville Division, for the offense of Attempted Illegal Entry, in violation of Title 8 United States Code, Section 1325(a)(3). For this crime, AHMED was sentenced to one (1) year probation.

11. On March 13, 2006, AHMED was convicted in the Superior Court of California, in the County of Stanislaus, for the offense of Theft, in violation of Section 484(a) of the California Penal Code. For this crime, AHMED was sentenced to a fine, and thirty-six (36) months probation.

12. On March 13, 2006, AHMED was convicted in the Superior Court of California, in the County of Stanislaus, for the offense of DUI Alcohol/Drugs, in violation of Section 23152(a) of the California Vehicle Code. For this crime, AHMED was sentenced to seven (7) days jail, and thirty-six (36) months probation.

13. On March 13, 2006, AHMED was convicted in the Superior Court of California, in the County of Stanislaus, for the offense of Possession of Marijuana One Ounce or Less While Driving, in violation of Section 23222(b) of the California Vehicle Code. For this crime, AHMED was sentenced to thirty (30) days jail, and thirty-six (36) months probation.

14. On October 29, 2007, AHMED was convicted in the Superior Court of California, in the County of San Mateo, for the offense of Battery, in violation of Section 242 of the California Penal Code. For this crime, AHMED was sentenced to ninety-seven (97) days jail, and twenty-four (24) months probation.

15. On October 18, 2010, AHMED was convicted in the Superior Court of California, in the County of San Mateo, for the offense of Possession of Controlled Substance, in violation of Section 11377(a) of the California Health and Safety Code. For this crime, AHMED was sentenced to eighteen (18) months probation.

16. On December 12, 2011, AHMED was convicted in the Superior Court of California, in the County of San Mateo, for the offense of Kidnapping, in violation of Section 207(A) of the California Penal Code. For this crime, AHMED was sentenced to three (3) years prison.

17. On April 13, 2017, AHMED was convicted in the Superior Court of California, in the County of San Mateo, for the offense of Disturbing the Peace, in violation of Section 415(2) of the California Penal Code. For this crime, AHMED was sentenced to one (1) day jail, and twenty-four (24) months probation.

18. A review of AHMED's immigration records revealed that on November 21, 2005, he was subject to a Notice and Order of Expedited Removal issued by the United States Border Patrol in Brownsville, TX.

19. AHMED was physically removed from the United Sates on three (3) occasions:

| **DATE** | **PLACE OF DEPORTATION** |
| --- | --- |
| November 22, 2005 | Brownsville, TX to Mexico |
| October 31, 2007 | San Ysidro, CA to Mexico |
| November 6, 2013 | San Ysidro, CA to Mexico |

20. AHMED last entered the United States at or near an unknown place on or after his latest deportation/expedited removal on November 6, 2013, by crossing the international border without inspection after deportation.

3

21. On July 5, 2019, in State of California, County of San Mateo, in Northern District of California, AHMED was found by ICE pursuant to his arrest by the San Mateo County Sheriff's Department for Driving With Suspended License For DUI Conviction, in violation of Section 14601.2(a) of the California Vehicle Code, and Possession of a Controlled Substance, in violation of Section 11377(a) of the California Health and Safety Code. On the same date, ICE placed a Form I-247, Immigration Detainer – Notice of Action to the San Mateo County Sheriff's Office.

22. On July 17, 2019, AHMED was released from the San Mateo County Sheriff's Department, and into ICE custody at San Francisco, CA.

23. On the same date, AHMED's fingerprints were taken by ICE as part of the standard booking procedures. The fingerprints were electronically submitted to the California Department of Justice, National Crime Information Center/Next Generation Identification, and DHS/ICE databases. Upon review of database information, it was determined that the fingerprints taken were associated with AHMED's alien file and matched the individual who was deported on the previously-mentioned dates.

24. The District Records Manager of the San Francisco District, Citizenship and Immigration Services, DHS, or an agency employee acting at his direction, performed a search for records relating to AHMED. On July 24, 2019, after a diligent search, no record was found to exist indicating that AHMED obtained official consent from the Attorney General or the Secretary of Homeland Security at any time to reapply for admission into the United States.

25. AHMED's fingerprints taken by ICE were submitted to the DHS Biometric Support Center. On July 25, 2019, the DHS Biometric Support Center determined in Examination Report, 1685-19 that the fingerprints taken by ICE were associated AHMED's alien file, number A075 624 862, and therefore matched the individual who was deported on the previously-mentioned dates.

## CONCLUSION

26. For the reasons stated above, I believe there is probable cause to believe that, on or after November 6, 2013, Nadeem AHMED Mulgado unlawfully re-entered the United States after deportation, without the permission of the Attorney General or the Secretary of Homeland Security, in violation of 8 U.S.C. § 1326. I respectfully request that the Court issue the requested criminal complaint and arrest warrant.

_____
Christopher Morales
Deportation Officer
Immigration and Customs Enforcement

Sworn to before me this 30TH day of July 2019.

_____
HON. THOMAS S. HIXSON
United States Magistrate Judge